OPINION AND ORDER
ROBERT N. CLINTON, Associate Justice.
FACTUAL & PROCEDURAL HISTORY
[1] F.K. was put in emergency shelter care placement on August 11, 2009 after *368 being bom pre-maturely and testing positive for THC (marijuana). His mother Edwina Kewanyama also tested positive and was subsequently asked to comply with several rehabilitation and behavior modification programs. These were implemented in an effort to later reunify the Edwina and F.K. F.K.’s father Harvey was also later given similar requirements in an effort to provide a better household environment. F.K. was put under the care of Hopi Tribal Social Services Program and placed with Kikmongwi Lee Lomayes-tewa and his wife.
[2] On August 26, 2009, a Notice to Children’s Village was sent to the Village of Shungopavi notifying them of the Minor in Need of Care (MINOC) matter and asking the Village to either handle the matter in a way traditional to the village, request the services and facilities of the Hopi Children’s Court, or to waive jurisdiction. The Village was given a 10 working day deadline to respond. The Village did not respond to the Notice.
[3] On August 20, 2010, the Hopi Children’s Court Judge entered a Status Order stating that F.K. should be returned to the physical custody of his parents within a reasonable amount of time. On August 24, 2010, over a year after first receiving notice of the Minor in Need of Assistance proceeding pending in the Hopi Children’s Court, Lomayestewa sent a letter to the Hopi Tribal Courts stating that the Village of Shungopavi elected thereafter to exercise authority and jurisdiction over the matter. The letter also stated that that the Village, following a meeting of the uncles, had decided to award custody to the Lomayestewas until F.K.’s parents could demonstrate that they could remain drug and alcohol free given that F.K.’s mother had tested positive for THC and alcohol on several random drug tests.
[4] On September 1, 2010, a hearing was held to address the issues presented by the Village’s assertion of jurisdiction. At this hearing, Judge Delfred Leslie ordered that the Village had to file a petition to certify the village’s decision, at which point an evidentiary hearing would be scheduled to ensure that all interested parties were afforded due process. The Court emphasized that it was not opposed to the Village’s attempt to assume jurisdiction, but wanted to make sure that no due process rights were violated when village authorities made the decision to place F.K. with the Lomayestewas.
[5] On September 7, 2010, Muriel Scott notified the Court of her status as legal counsel for Lomayestewa. She also filed a Notice to Court to Exercise Right To Assume Jurisdiction; Motion to Dismiss telling the Court that there was no decision to certify. The decision to place F.K. with the Lomayestewas was temporary and the Village only sought to assert jurisdiction. It was also pointed out that there is no timeline in MINOC cases for a Village to assert jurisdiction over the matter, which according to the Village, means that jurisdiction was not waived.
[6] On October 18, 2010, before the Children’s Court was able to hold the projected hearing on certifying the Village decision, the Chief Prosecutor filed Certified Questions asking the Hopi Appellate Court to answer unresolved and significant questions of law pursuant to its authority to resolve certified questions of Hopi law under Hopi Ordinance 21, section 1.2.8. The Chief Prosecutor did not purport to speak for any tribal agency and merely asserted a general interest in having the certified questions of law resolved for such cases. The questions certified by the Prosecutor were: 1) If a village receives proper and timely notice of a MINOC and fails to respond for more than a year, has *369 the village waived jurisdiction, 2) Is there a conflict of interest when the Kikmongwi is the foster parent of the minor in need of care, and is now seeking to assert jurisdiction at his village, and 3) If assertion of jurisdiction by the village is lawful, is the tribal court required to hold an evidentiary hearing to certify that village proceedings and decisions afforded all parties fundamental fairness and due process? The matter was set for argument before this Court on February 18, 2011. Following some questioning from the Court regarding the authority of the Prosecutor under section 1.2.8 of Hopi Ordinance 21 to certify questions of law for resolution by this Court and the procedural timing of her request, the Prosecutor orally moved to voluntarily withdraw her request that this Court answer the Certified Questions of Law. As a result of that request, this Court orally dismissed the Petition in this matter although it indicated it would further explain its reasons for doing so in a subsequently filed opinion. This Opinion and Order explains the reasons why this Court was required to dismiss the request to resolve Certified Questions of Law which the Prosecutor withdrew.
Discussion
I. Inappropriate Use of Certified Questions
[7] The Hopi Appellate Court has discretion to answer or decline to answer questions certified to it pursuant to Hopi Ordinance 21, Section 1.2.8(c). Certified questions should not be used as an alternative to an appeal or to pursue an unauthorized interlocutory appeal. This Court has previously declined to answer certified questions when issues have not yet been adjudicated and a full factual record has been established. See In the Matter of Caleb Johnson, 05 AP0001 (2005). Additionally, this Court previously declined to answer certified questions when the questions presented were not a pure question of law. See Certified Question, Mishongnovi Cultural Preservation Board, 02 AP00013 (2004). Furthermore, while not controlling, a number of states that have adopted the Uniform Certification of Questions of Law Act review certified questions only in exceptional and rare circumstances. Am.Jur.2d Appellate Review § 907. The standard for invoking the discretionary authority vested in this Court under Hopi Ordinance 21, section 1.2.8 is a very high standard because the function of certified questions is not simply to present hypothetical questions or to secure advisory opinions. Id. The jurisdiction created by section 1.2.8 exists primarily to assist other tribunals or governmental agencies that must grapple with difficult and unclear questions of Hopi law in discharging their governmental responsibilities. Generally, the governmental body seeking resolution of unclear questions of Hopi law involves courts or agencies that the Hopi Court of Appeals does not directly review on appeal. Where, as here, matters pending in the Hopi Tribal Court or the Hopi Children’s Court are brought to this Court on petition to resolve Certified Questions of Law, the danger is that the applicant seeks interlocutory resolution of legal questions that can and should be resolved by this Court only after final judgment and through the appeals process, not by certification of questions of law.
[8] This case has not been fully adjudicated and a fully established factual record on some of the questions related to the Village decision-making has not been developed. In fact, the filing of the Petition seeking resolution of Certified Questions of Law interrupted and interfered with the projected hearing by the Hopi Children’s Court to certify the Village custody juris *370 diction and decision. To answer the certified questions of law when the factual record has not been fully established would deny the Hopi Children’s Court the ability to properly and fairly make the initial decision in the case. Furthermore, answering mixed questions of fact and law would be improper for the Hopi Appellate Court because the questions certified by the Prosecutor are not purely law questions. These questions first should be answered at the trial level, and then appropriately appealed. Certified questions of law should not be used as an avenue to bring an unauthorized interloeutoiy appeal.
II. Prosecutor’s Office Does Not Have Standing to Certify Questions of Law During Pending Cases
[9] The Hopi Appellate Court can assert jurisdiction to hear certified questions of law only pursuant to Hopi Ordinance 21, 1.2.8. This provision states that the Appellate Court “shall have jurisdiction to answer questions of Hopi tribal law, including Hopi constitutional law, certified from any tribal, federal, or state court or from any tribal, federal, or state administrative agency.” Hopi Ordinance 21, 1.2.8(a). The Hopi Tribal Council is also allowed to certify questions of Hopi constitutional law to the Hopi Tribal Court of Appeals. Hopi Ordinance 21, 1.2.8(b). When it decided In the Matter of Certified Questions of Law Re: In the Matter of Village Authority to Remove Tribal Council Representatives, No. 2008-AP-001, at p. 2 (Hopi Ct.App.2010), this Court wrote:
Section 1.2.8(a) therefore grants this Court power to resolve certified questions of “Hopi tribal law, including Hopi constitutional law” when certified by any of the courts or administrative agencies mentioned in the section. By enumerating “tribal, state, or federal” governments in section 1.2.8(a), the Tribal Council unquestionably meant the grant of jurisdiction contained in that section to be broad and cover any and, all dispute solving bodies, i.e. adjudicative forums in which questions of Hopi law might arise, of a tribal, state or federal nature.
Emphasis supplied. In that case this Court held that the Villages were such adjudicative agencies since they are vested by the Hopi Constitution with significant reserved dispute resolution authority, as the facts of the this case demonstrate. Nevertheless, this Court clearly noted that only those courts and agencies covered by section 1.2.8 had authority to seek resolution of Certified Questions of Law under section 1.2.8.
[10] In this case, the Prosecutor’s Office does not fall within any of the aforementioned entities. The closest category that the Prosecutor’s Office might assert is a “tribal administrative agency,” but it certainly cannot be called an administrative agency when it serves as an active party in pending court proceedings. In such situations, the Hopi Tribal Court, or in this case the Hopi Children’s Court, is the active interpreter of Hopi law and the role of the Prosecutor’s Office is that of a party advancing a particular claim. If permitted to certify questions of law to this Court at any time while active proceedings are pending in the Hopi trial courts, the Prosecutor’s Office would have far too much discretion to present certified questions of law to this Court during the course of proceedings which would in turn disrupt and severely distort fundamental fairness in trial court proceedings. Perhaps the Prosecutor’s Office can be deemed a tribal administrative agency within the meaning of section 1.2.8 when it is not a party in a pending proceeding and when it seeks to certify to this Court for resolution an unclear question of Hopi law on behalf of a tribal agency covered by section 1.2.8. *371 Suffice it to say, that here the Prosecutor’s Office was engaged in active litigation and purported to certify questions of Hopi law on its own behalf as a party to pending litigation. Such efforts simply are not authorized by the jurisdiction granted this Court by section 1.2.8, as the Chief Prosecutor may have realized during oral argument.
Conclusions
[11] Accordingly, the certified questions were inappropriately brought before this Court, as the Prosecutor apparently recognized. This Court has discretion to hear certified questions of law’, but it cannot hear mixed questions of fact and law. Further, certified questions cannot be used as an avenue to bring an inappropriate appeal or an unauthorized interlocutory appeal. Finally, although this Court has discretion to hear certified questions of law, they must be brought by appropriate entities listed in Hopi Ordinance 21, 1.2.8. The Prosecutor’s Office is not an appropriate entity w’hen it is a party in a pending proceeding.
Order
[12] Confirming its earlier oral Order, this Court declines to answer the Certified Questions of Law because (1) given the posture and nature of the request, it is not within the jurisdiction of this Court under section 1.2.8. and (2) the Prosecutor’s Office decided to withdraw the certified questions from this Court. Therefore, this matter is dismissed and the questions certified should first be answered by the Hopi Children’s Court.
IT IS SO ORDERED.